**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH LEE GARRETT,
Plaintiff-Appellant,

v.

WILLIAM MARTIN, Internal Affairs
(D.O.C.); TONY F. MCANALLY,
Internal Affairs (D.O.C.); RONALD
ANGELONE, Director of D.O.C.; ROSS
LANN, Lieutenant (G.R.C.C.
Investigator); G. SEYMORE (N.C.C.
Investigator); JAMES S. GILMORE, III,
Attorney General of Virginia;
SERGEANT TURNER (c/o Drug ring
leader, G.R.C.C.); LIEUTENANT
BEDFORD (c/o Drug ring conspirator,
G.R.C.C.); CORRECTIONAL OFFICER

No. 00-6044

SYKES (ex-c/o Drug ring mule,
G.R.C.C.); KEITH DAVIS (Assistant
Warden N.C.C., I.C.C. Chairman);
DAVID ROBINSON (Warden, Nottoway
Correctional Center); CAPTAIN
STAPLES (c/o Drug ring member);
JOHN DOE #1 (c/o Drug ring
member); JOHN JABE (Director of
Operations, D.O.C.); MS. CLIFFTON
(counselor N.C.C., I.C.C. chairman);
W. P. ROGERS (Regional Director,
D.O.C.); DOCTOR RYAN; MR.
BROCHARD; JOHN DOE #2, Sergeant;
JOHN DOE #3, Correctional Officer;
CORRECTIONAL OFFICER FOWLKES;

GARY BASS, Classification Board for
the Department of Corrections;
DOUG VAUGHN, Major; CAPTAIN
WITTLOW; CAPTAIN ROBINSON;
DOCTOR HOOK; CAPTAIN STREET; E.
B. WALKER, Warden; LIEUTENANT
COLES; SERGEANT PEIRCY; OFFICER
COLES; OFFICER TRENT; OFFICER
FOLKES,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge;
James E. Bradberry, Magistrate Judge.
(CA-97-28-2)

Submitted: July 27, 2000

Decided: August 10, 2000

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Joseph Lee Garrett, Appellant Pro Se. Martha Murphey Parrish,
Assistant Attorney General, Matthew P. Dullaghan, OFFICE OF THE
ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia;
Michael Eugene Ornoff, ORNOFF & ARNOLD, P.C., Virginia
Beach, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Lee Garrett appeals the denial of relief in his 42 U.S.C. § 1983 (1994) action. We affirm in part, vacate in part, and remand for further proceedings on the issue of sanctions.

Garrett's complaint alleged numerous constitutional violations by prison staff and correctional administrators in Virginia. The district court granted summary judgment in favor of the Defendants on all but one of Garrett's claims; in addition, the court ruled that Garrett's request for injunctive relief was moot. After a trial before a magistrate judge (by consent of all parties), Garrett's remaining claim was found meritless. We have reviewed the record and the opinions of the district court and the magistrate judge, and we find no reversible error. Accordingly, we affirm the rejection of Garrett's claims on the reasoning of the district court. See Garrett v. Martin, No. CA-97-28-2 (E.D. Va. Sept. 28, 1998; Dec. 6, 1999). We likewise find no abuse of discretion in the numerous procedural rulings challenged by Garrett.

Garrett also asserts the magistrate judge improperly imposed post-verdict sanctions without a valid basis and without notice or a hearing. We agree that the court should have afforded Garrett notice and a hearing. The first sanction--requiring Garrett to pay all court costs --was apparently entered pursuant to Fed. R. Civ. P. 11. The court did not, however, provide "notice and a reasonable opportunity to respond" before imposition of sanctions as required by Rule 11(c). The remaining sanctions--limiting future actions and requiring Garrett to file an affidavit along with all future complaints--are in the nature of a pre-filing review order. For these sanctions as well, the court should have notified Garrett that it was considering such measures and allowed Garrett to defend his conduct. See Autry v. Woods, 106 F.3d 61, 63 (4th Cir. 1997) (noting that this Court issued show

3

cause order before entering pre-filing review injunction). Because the court did not provide Garrett notice and an opportunity to respond before imposing sanctions, we vacate the sanctions order and remand for the court to do so. We express no opinion as to whether Garrett's conduct merits sanctions or whether the chosen sanctions are appropriate.

In sum, we vacate the sanctions order and remand for further proceedings as to sanctions after Garrett is given proper notice and affirm the court's orders in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED AND REMANDED IN PART